## 13841

NABERS v. WILLIAMS *ET AL.*

(174 S. E., 490)

Before Sease, J., Laurens, March, 1932.

*Messrs. Richey & Richey* and *Huff & Huff,* for appellants,

*Mr. R. E. Babb,* for respondent.

May 3, 1934.

The opinion of the Court was delivered by Mr. Justice Stabler.

This action, for the foreclosure of a mortgage of real estate, was begun on March 17, 1932. The mortgagor, Emma Williams, died intestate before the commencement of the suit, and for that reason her husband and children, to whom the premises descended in fee, were made parties defendant.

The plaintiff alleged that Emma, on January 1, 1926, gave to him, for value, her written promissory note in the sum of $644.90, and on the same date, for the purpose of securing the payment of the debt, executed in his favor the mortgage sought to be foreclosed. He also alleged that the indebtedness was renewed from time to time, as payments were made thereon by the mortgagor; the last renewal being on November 10, 1931, when she made a note for $250.33,

the balance then owing. He asked, *inter alia,* that the amount due be ascertained, that the mortgaged premises be ordered sold, and that the proceeds of the sale be applied to the payment of his claim.

The defendants, answering, denied that anything was owing on the debt, alleged that it had been overpaid, and asked judgment against the plaintiff for $61.82. The mortgagee interposed a denial to the counterclaim, and alleged that no administrator had been appointed for the estate, in whose favor only such claim could be pleaded.

The cause was referred to a special referee, to take the testimony and to report on all issues. At the several references held, the plaintiff was examined at length by counsel for appellants (1) in regard to certain other transactions between him and Emma, and (2) with respect to receipts for payments made him by her prior to the date of the last renewal note of November 10, 1931. Defendants also offered testimony for the purpose of showing that these receipts were not for money paid on "other debts," but were for payments on the indebtedness which the mortgagee was trying to collect in this action.

The referee found, and so reported, that the plaintiff had proved the allegations of his complaint and that the defendants had failed to establish their defense that the debt had been paid and overpaid. He therefore recommended that the mortgaged premises be sold and that plaintiff's claim be paid. On exceptions filed by the defendants, the Circuit Judge who heard the matter concurred in the referee's findings of fact and confirmed his report.

The questions presented by the appeal are mainly questions of fact, which were resolved against the appellants by the Court below. A review of the testimony is deemed unnecessary. We have read it with care, and are satisfied with the conclusions reached by Judge Sease, and approve the result of his decree. As to the general objection that certain testimony admitted to prove the plaintiff's claim was incom-

petent, it is sufficient to say that, if there be such testimony in the record, its presence is largely due to counsel's cross examination of the plaintiff. Aside from that, however, a reading of the record discloses that the findings of fact complained of are fully sustained by competent evidence.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES CARTER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.